UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONDA ANN BROWNING, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMERICAN HONDA MOTOR CO., INC., et al.,<br><br>    Defendants. | Case No. 20-cv-05417-BLF<br><br>**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>[Re: ECF No. 79] |

In this putative class action, Plaintiffs allege a defect in their 2018–2019 Honda Odyssey vehicles, which are equipped with the ZF 9HP Automatic Transmission. Plaintiffs allege the Transmission has two software modules that fail to communicate properly. Four named Plaintiffs seek to represent a nationwide class and five subclasses, which assert various implied warranty, express warranty, and state consumer protection claims.

Before the Court is Defendant American Honda Motor Co., Inc.'s[1] partial motion to dismiss the Third Amended Complaint. *See* ECF No. 79 ("MTD"); *see also* ECF No. 81 ("Reply"). Plaintiffs oppose the motion, *see* ECF No. 80 ("Opp."), and the Court held oral argument on October 6, 2022, *see* ECF No. 82. For the reasons discussed on the record and explained below, the Court DENIES the partial motion to dismiss.

**I. BACKGROUND**

As alleged in the Third Amended Complaint, ECF No. 72 ("TAC"), and accepted as true for the purposes of this motion, Honda designs, manufactures, markets, distributes, sells, and

---

[1] The Court refers to this defendant as "Honda," except where noted. Codefendant Honda Motor Co., a foreign corporation, remains unserved.

services the Honda Odyssey vehicle. TAC ¶ 1. Plaintiffs allege that in 2014, Honda began equipping certain of its vehicles with a 9-speed automatic transmission called the ZF 9HP Automatic Transmission ("Transmission"). *Id.* ¶¶ 3-4. Plaintiffs allege that the Transmission suffers from a design and/or workmanship defect: "there is improper design and/or calibration of the software in control of the [T]ransmission, including the Transmission Control Module and the Powertrain Control Module" in the Odyssey vehicles ( "Transmission Programming Defect" or "Defect"). TAC ¶ 6. The Transmission Control Module and the Powertrain Control Module control the function of the transmission and its interaction with the engine. *Id.* While the Transmission may be delivered by a component manufacturer with software already programmed, Honda must ensure that the software is properly calibrated to function in its own vehicles. *Id.* Plaintiffs allege that Honda has failed to do this properly, resulting in mistimed gear shifting. *Id.* This causes illumination of the Malfunction Indicator Light; a rough, delayed, or sudden failure to shift; grinding or other loud noises during shifting; harsh engagement of gears; sudden or harsh accelerations or decelerations; and sudden loss of power. *Id.*

Plaintiffs Ronda Ann Browning, Tony Boatwright, Chuen Yong, and Daniel Pina each purchased a Honda Odyssey vehicle in the model years 2018 or 2019. TAC ¶¶ 22-72. They have filed suit against Honda asserting claims for breach of implied warranty (South Carolina, California), breach of express warranty (Texas, California), and violation of state consumer protection statutes (Florida, Texas, California). *Id.* ¶¶ 139–243. Each claim is brought by the Plaintiff or Plaintiffs in that respective state. Plaintiffs further seek to represent a nationwide class of individuals who purchased 2018–2019 Honda Odyssey vehicles equipped with the Transmission. *Id.* ¶ 131. Each Plaintiff seeks to represent a subclass in their individual state, with Pina seeking to represent both a California subclass and a Consumer Legal Remedies Act ("CLRA") subclass. *Id.*

**II.    LEGAL STANDARD**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

1  729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts
2  as true all well-pled factual allegations and construes them in the light most favorable to the
3  plaintiff.  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  But the Court need
4  not "accept as true allegations that contradict matters properly subject to judicial notice" or
5  "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
6  inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation
7  marks and citations omitted).  While a complaint need not contain detailed factual allegations, it
8  "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
9  on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,
10  550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the
11  reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  On a motion to
12  dismiss, the Court's review is limited to the face of the complaint and matters judicially
13  noticeable.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v.*
14  *Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

### III.  DISCUSSION

Plaintiffs assert three claims under the consumer protection statutes in Florida, Texas, and California.  *See* TAC ¶¶ 139–147 (Florida); ¶¶ 171–183 (Texas); ¶¶ 211–225 (California).  These claims are based on Honda's alleged fraud by omission, which requires that:

> (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would have acted otherwise if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage.

*Browning v. Am. Honda Motor Co., Inc.*, 549 F. Supp. 3d 996, 1012 (N.D. Cal. 2021) (*Browning I*) (quoting *Clark v. Am. Honda Motor Co., Inc.*, 528 F. Supp. 3d 1108, 1122 (C.D. Cal. 2021)).

In its motion, Honda seeks to dismiss these claims on the basis that it did not have a duty to disclose the defect.  A duty to disclose may arise "when the defendant had exclusive knowledge of material facts not known to the plaintiff."  *Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 865

1  (N.D. Cal. 2018) (*Sloan II*) (quoting *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1094 (N.D.
2  Cal. 2007)).  In its order dismissing the Second Amended Complaint, the Court held that Plaintiffs
3  had not adequately pled Honda's pre-sale knowledge of the defects.  *Browning v. Am. Honda*
4  *Motor Co., Inc.*, No. 20-cv-05417-BLF, 2022 WL 824106, at *14-17 (N.D. Cal. Mar. 18, 2022)
5  (*Browning II*).  Honda argues that Plaintiffs still have not pled facts to support a finding that it had
6  exclusive knowledge of the alleged defect.  MTD at 3-8.  Plaintiffs assert they have amended their
7  complaint to address the deficiencies the Court identified in its order dismissing the Second
8  Amended Complaint.  Opp. at 2-14.  Plaintiffs allege five sources of Honda's exclusive
9  knowledge of the defects:  pre-sale testing of predecessor vehicles and pre-release Class Vehicles;
10 consumer complaints made to Honda and posted online; complaints filed with the NHTSA;
11 technical services bulletins ("TSBs"); and dealership repair orders.  TAC ¶¶ 97-98.

12 Plaintiffs point to nine TSBs that they allege stem from the Transmission Programming
13 Defect.  TAC ¶¶ 103-113.  The Court previously directed Plaintiffs to "connect the issues
14 described in the TSBs—*i.e.*, incorrect battery current, malfunctioning indicator lights, independent
15 shifting, or 'loss-of-communication' issues—to Honda's failure to properly calibrate the control
16 modules interacting with the Transmission during manufacturing."  *Browning II*, 2022 WL
17 824106, at *17.  Honda asserts that Plaintiffs still have not adequately connected the TSBs to the
18 Transmission Programming Defect.  Opp. at 6-8.  But the Court finds that Plaintiffs have
19 adequately done so at the pleading stage, as they have further elaborated on the definition of the
20 Defect, *see* TAC ¶ 6, and they have connected each TSB to the Defect, *see* TAC ¶¶ 105-113; ECF
21 No. 72-1 ("TAC Exh. 1").

22 Honda also asserts that the Court should not rely on the TSBs because (1) eight of the nine
23 TSBs concern non-class vehicles for which Plaintiffs did not assert the same manufacturing
24 process with respect to software calibration and (2) the one TSB that involves class vehicles was
25 issued on December 23, 2019, following the sales to Plaintiffs.  Opp. at 6, 8.  With regard to the
26 first argument, TSBs issued for other vehicles can support a plausible inference of knowledge
27 when the other vehicles had the same defective component as the vehicle at issue.  *See*
28 *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1093-93 (N.D. Cal. 2014) (holding TSB

United States District Court
Northern District of California

issued for one vehicle model makes plausible knowledge for other vehicles with same defective part); *see also Sloan II*, 287 F. Supp. 3d at 866-67 (holding complaints regarding other vehicles with "same allegedly defective engine . . . bolster the plausibility" of knowledge); *cf. Raynaldo v. Am. Honda Motor Co., Inc.*, No. 21-cv-05808-HSG, 2022 WL 4358096, at *8 (N.D. Cal. Sept. 20, 2022) (holding complaints about other models did not support knowledge when plaintiffs failed to allege "any facts suggesting that the other vehicle models shared a common defective part or system"). Here, Plaintiffs allege that the vehicle models in the TSBs have the same Transmission and Transmission Programming Defect as the class vehicles. *See* TAC ¶¶ 11-13. Further, Plaintiffs connect the remedies in the TSBs for the non-class vehicles to the Transmission Programming Defect. Opp. at 7; TAC Exh. 1. Therefore, the TSBs for non-class vehicles permit a plausible inference of knowledge.

As to Honda's second argument, courts have held that even when TSBs post-date a purchase, "it is reasonable to infer that the TSBs . . . were proceeded by an accretion of knowledge by" the manufacturer. *See Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448, at *9 (N.D. Cal. July 7, 2015) (internal quotation marks and citations omitted) (collecting cases). Here, Plaintiffs purchased their vehicles in July, September, and October 2018 and January 2019, and the TSB involving class vehicles was issued on December 23, 2019. *See* TAC Exh. 1. The December 2019 TSB supports a plausible allegation that Honda knew of the Transmission Programming Defect in 2018. *See Philips*, 2015 WL 4111448, at *9 (holding May 2011 TSB supported allegations of knowledge in January 2010); *Falco v. Nissan N. Am. Inc.*, No. CV 13-00686 DDP (MANx), 2013 WL 5575065, at *6-7 (C.D. Cal. Oct. 10, 2013) (holding July 2007 TSB supported allegations of knowledge in 2005 and 2006).

The Court also looks to Plaintiffs' allegations regarding pre-sale testing. Honda asserts that these allegations are insufficient because Plaintiffs assert that manufacturers often identify calibration problems at the testing stage, not that Honda actually identified the defect here through pre-sale testing. MTD at 3. As other courts in this district have noted, there appears to be a split at the district-court level as to whether allegations of pre-sale testing like those here are sufficient to establish knowledge. *See, e.g.*, *Mosqueda v. Am. Honda Motor Co, Inc.*, 443 F. Supp. 3d 1115,

5

1132 (N.D. Cal. 2020). And as other courts have noted, "dispositive in the case law split 'was whether the plaintiffs provided additional information supporting their allegations.'" *Bryde v. Gen. Motors, LLC*, No. 16-cv-02421-WHO, 2016 WL 6804584, at *11 (N.D. Cal. Nov. 17, 2016) (quoting *MacDonald*, 37 F. Supp. 3d at 1095). Here, as in other cases finding sufficient allegations of knowledge, Plaintiffs point to TSBs in addition to pre-sale testing. *See id.* at *10-11; *Falco*, 2013 WL 5575065, at *6; *Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 998 (N.D. Cal. 2013).

At this stage, the allegations permit a reasonable inference that Honda knew of the Transmission Programming Defect at the time Plaintiffs purchased their vehicles.

## IV.  ORDER

For the foregoing reasons, Defendants' partial motion to dismiss the third amended complaint is DENIED.

Dated: October 6, 2022

_____
BETH LABSON FREEMAN
United States District Judge